| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **EASTERN DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| **TONY CLAYBORNE, as an individual and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**LITHIA MOTORS, INC., an Oregon corporation; LITHIA MOTORS SUPPORTS SERVICES, INC., an Oregon corporation,**<br><br>**Defendants.** | **CASE NO. 1:17-cv-00588-AWI-BAM**<br><br>**STIPULATION AND ORDER STAYING PLAINTIFF'S PAGA CLAIM PENDING CALIFORNIA SUPREME COURT DECISION**<br><br>(Doc. No. 34) |

This lawsuit is brought by Plaintiff Tony Clayborne ("Plaintiff") against his employers, Defendants Lithia Motors, Inc. and Lithia Motors Support Services, Inc. (collectively "Lithia" or "Defendants"). Plaintiff alleges that Defendants (1) failed to provide him and his fellow employees with statutorily-required rest breaks, (2) failed to pay him and his fellow employees the statutorily-required minimum wage, (3) failed to provide him and his fellow employees with statutorily-required wage statements, (4) engaged in unfair and unlawful business practices due to Defendants' foregoing actions, and (5) sexually harassed Plaintiff. Based on these allegations, Plaintiff claims that Defendants violated California's Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200, et seq., the California Labor Code, and California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12900, et seq.

In addition to pleading the foregoing claims, Plaintiff also pleads a representative claim on behalf of his fellow employees under California's Private Attorneys General Act of 2004 ("PAGA"). Pursuant to the PAGA claim, Plaintiff seeks to represent his fellow employees and the State of California in order to collect civil penalties from Defendants for Defendants' violations of the fellow employees' statutory rights under the California Labor Code, i.e., rest breaks, minimum wages, wage statements.

Plaintiff and Defendants have settled Plaintiff's individual claims, but they have not settled the representative PAGA claim brought on behalf of the fellow employees and the State of California. This is because, according to Plaintiff and Defendants, the California Supreme Court is in the process of deciding an important issue that will affect the PAGA claim: namely, whether an employee bringing a PAGA action, such as Plaintiff, has standing to maintain the representative claims of his or her fellow employees even though the employee-claimant, such as Plaintiff, dismissed his or her individual claims against the employer. See Doc. No. 34 (Defendants' and Plaintiff's stipulation) (citing to Kim v. Reins International California, Inc., Case No. S246911). In light of this important issue pending before the California Supreme Court, Plaintiff and Defendants ask the Court to stay the PAGA claim in this lawsuit until the California Supreme Court issues an opinion in Kim v. Reins International California, Inc. on the important PAGA issue.

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. Based on the parties' stipulation and representation that the PAGA issue before the California Supreme Court in Kim v. Reins International California, Inc. is important, even potentially dispositive, to the PAGA claim in this lawsuit, this lawsuit shall be STAYED for six (6) months, with the stay ending on May 13, 2020.
2. During the stay, the parties shall submit joint status updates every sixty (60) days concerning the status of the PAGA issue before the California Supreme Court in Kim v. Reins International California, Inc.
3. If the PAGA issue has not been decided by the California Supreme Court by May 13, 2020, then the parties may make a renewed request to extend the stay.

IT IS SO ORDERED.

Dated:   December 13, 2019              _____
                                        SENIOR DISTRICT JUDGE