UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CLAYBORNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LITHIA MOTORS, INC., et al.,<br><br>　　　　Defendants. | CASE NO. 1:17-cv-00588-AWI-BAM<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 44) |

This case currently proceeds on a single cause of action for civil penalties under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698, et seq. That PAGA claim belongs to Plaintiff Troy Clayborne and is premised on wage statement violations under California Labor Code § 226(a). Defendants Lithia Motors, Inc., and Lithia Motors Support Services, Inc., now move to dismiss Clayborne's PAGA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will deny Defendants' motion.

**RULE 12(b)(6) STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121−22 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Mollett v.

## **DISCUSSION**

Defendants seek dismissal on two independent grounds: first, based on allegations in the complaint, Clayborne failed to comply with PAGA's exhaustion requirements; and second, the allegations underlying the PAGA claim are substantively meritless because the disputed wage statements comply with § 226(a). That is, Defendants challenge Clayborne's PAGA claim on procedural and substantive grounds. These challenges will be taken in turn, starting with the alleged procedural deficiencies.

### A.    Defendants' procedural challenge to Clayborne's PAGA claim

#### 1.    PAGA overview

The California Legislature enacted PAGA, Cal. Lab. Code §§ 2698, et seq., in an effort to improve the enforcement of Labor Code provisions by allowing employees to bring private civil actions on behalf of themselves and other employees to recover civil penalties. Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348, 379–80 (2014) (citing Arias v. Superior Court, 46 Cal. 4th 969 (2009)). Under California law, the initial right to prosecute and collect civil penalties for Labor Code violations belongs to California's Labor and Workforce Development Agency ("LWDA"). Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 376–77 (2005) (citing Cal. Lab. Code § 2699(h)). Where the state does not pursue a given claim, an "aggrieved employee" suing under PAGA acts as a "proxy or agent" by "represent[ing] the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the [LWDA]." Arias, 46 Cal. 4th at 986 (citing Cal. Lab. Code § 2699(a), (f)); see also Cal. Lab. Code § 2699(c) (defining "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed"). "Of the civil penalties recovered, 75 percent goes to the [LWDA], leaving the remaining 25 percent for the 'aggrieved employees.'" Id. at 980–81 (citing Cal. Lab. Code § 2699(i)).

Before bringing a PAGA claim to court, an "aggrieved employee" must comply with the procedures specified in California Labor Code § 2699.3. Cal. Lab. Code § 2699(a). Applicable

3

here, under § 2699.3, the employee must give written notice of the alleged Labor Code violation to the employer and the LWDA. Cal. Lab. Code § 2699.3(a)(1)(A). This notice must identify "the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." Id. If the LWDA notifies the employee that it will not investigate the alleged violation or if the LWDA does not respond to the notice within sixty-five days, the aggrieved employee may bring an action for civil penalties against the employer. Cal. Lab. Code § 2699.3(a)(2)(A).

### 2. Defendant's challenges

Broadly, Defendants contend that Clayborne's PAGA claim should be dismissed because Clayborne failed to comply with the exhaustion requirements under § 2699.3. Defendants focus on the allegations in the complaint, and argue that Clayborne never provided adequate notice to the LWDA of these specific violations. According to Defendants, the notice Clayborne provided was either insufficient in identifying supporting facts and theories or unrelated to the PAGA claim that he now pursues. Clayborne responds that, if they exist, the alleged procedural defects are harmless and can be remedied through an amended complaint, if necessary.

For purposes of their arguments, Defendants request that the Court take judicial notice of two notice letters that Clayborne submitted to the LWDA pursuant to § 2699.3. Doc. No. 45. Clayborne does not oppose this request or dispute the notice letters' authenticity. Because resolution of Defendants' arguments is in part dependent on the notice letters' contents, the Court will grant Defendants' request. Stoddart v. Express Servs., Inc., No. 2:12-cv-01054-KJM-CKD, 2015 WL 5522142, at *6–7 (E.D. Cal. Sept. 15, 2015) (taking judicial notice of notice letters to the LWDA).

#### a. First PAGA notice letter

Defendants start by challenging Clayborne's compliance with the exhaustion requirements based on his "first notice letter" to the LWDA. In this letter—which is dated November 3, 2016—Clayborne set forth the following allegation:

> The Company violated Labor Code § 226(a) by issuing itemized wage statements to all employees that failed to include the applicable hourly rates of pay in effect during the pay period. Specifically, whenever I and other employees were paid

4

>regular, overtime, and/or double time wages, our wage statements did not identify the applicable rates of pay.

Doc. No. 45 at 4.

Meanwhile, in his complaint, Clayborne alleges that Defendants "uniformly administered a corporate policy, practice of . . . failing to provide accurate itemized wage statements identifying the applicable rates of pay in violation of the Labor Code," and that "[w]hen Plaintiff was paid on an hourly basis, Plaintiff was provided with wage statements that did not identify the regular, overtime, and/or double time rates of pay" in violation of California Labor Code § 226. Complaint, ¶¶ 21, 23. In pleading his wage statement cause of action (which has since been settled), Clayborne alleged: "Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226(a) by failing as a matter of policy and practice to identify the applicable rates of pay on wage statements provided to Plaintiff and class members." Complaint, ¶ 37. Then, specific to his PAGA cause of action, Clayborne set forth the following allegations:

>44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.
>
>45. As identified above, Defendants have violated Labor Code § 226(a) by failing to provide accurate itemized wage statements to Plaintiff and class members upon separation of their employment.
>
>46. Because of Defendants' violation of the Labor Code sections identified, Plaintiff is an "aggrieved employee" as defined in Labor Code § 2699(a). As such. Plaintiff brings this cause of action on behalf of the State of California for violations committed against the following employees: All current and former non-exempt employees of Defendants in the State of California who worked at any time from November 8, 2015 through the present.
>
>47. On or about November 8,2016, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violation of Labor Code § 226(a), pursuant to Labor Code § 2699, et seq., the Private Attorney General Act ("PAGA").
>
>48. As of the date of the filing of this Complaint, the LWDA has not notified Plaintiff whether it intends to investigate Plaintiffs allegations. As such. pursuant to Labor Code § 2699(a). Plaintiff and the Aggrieved Employees may seek recovery of all applicable civil penalties for Defendants' violation of Labor Code § 226(a).

Complaint, ¶¶ 44–48.

The Court finds that Clayborne complied with the PAGA exhaustion requirements and

properly pleaded this compliance in his complaint. To start, in the notice letter, Clayborne identified the specific provision of the Labor Code that Defendants allegedly violated, along with the facts and theories supporting that allegation. Namely, he alleged that Defendants violated § 226(a) by providing wage statements to Clayborne and other employees that did not include the applicable rates of pay in effect during the given pay period. Inclusion of this information is required under § 226(a)(9). Clayborne's notice letter further identifies who was affected by the alleged violation (all employees who previously received a wage statement from Defendants) and the scope of that violation (all wage statements previously issued by Defendants). Collectively, the notice letter is specific and detailed enough for the LWDA and Defendants to assess the seriousness of the alleged violation and investigate it further if such action were deemed necessary. See Alcantar v. Hobart Serv., 800 F.3d 1047, 1057 (9th Cir. 2015) (explaining that a notice letter must "allow the [LWDA] to intelligently assess the seriousness of the alleged violations" and "provide sufficient information to permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight"); Holak v. K Mart Corp., No. 12–00304, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015) ("PAGA notice must be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations."). This is precisely the extent of what is required from an aggrieved employee. See Williams v. Superior Court, 3 Cal. 5th 531, 545 (2017) ("Nothing in Labor Code section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing."). While the allegations in Clayborne's notice letter are succinct, brevity alone is not fatal. See Brown v. Ralphs Grocery Co., 28 Cal. App. 5th 824, 837–38 (2018) (finding sufficient notice provided by allegation that employer's wage statements "fail[ed] to include the name and address of the legal entity that is the employer," as required under § 226(a)).

Clayborne also pleaded his compliance with the PAGA procedures in his complaint. See Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (explaining that a plaintiff bringing a PAGA claim to court "must plead compliance with the pre-filing notice and

exhaustion requirements" (citing <u>Caliber Bodyworks</u>, 134 Cal. App. 4th at 385)). Namely, amongst his allegations, Clayborne identified the date he sent written notice to the LWDA regarding wage statement violations under § 226(a). He also noted the lack of response from the state agency within sixty-five days. Defendants take issue with the fact that the allegations identifying the specific violation of § 226(a) are not set forth directly under the PAGA cause of action. The Court finds no cause for dismissal, however, given that Clayborne realleged and incorporated the relevant allegations while pleading his PAGA cause of action, and further cross-referenced those allegations by stating "[a]s identified above, Defendants have violated Labor Code § 226(a) . . . ." While perhaps not a model of pleading clarity, Defendants offer no explanation for why these efforts should be ignored or failed to provide adequate notice.

Nor will the Court dismiss the PAGA claim on the basis of Defendants' other arguments that Clayborne failed to provide proper notice of the aggrieved employee and wage statement allegations in his complaint. First, it is true that the notice letter defines the class of aggrieved employees differently than the complaint. Yet, the definition in the complaint—"[a]ll current and former non-exempt employees of Defendants in the State of California who worked at any time from November 8, 2015 through the present"—necessarily fits within the "all employees" language of the notice letter. Defendants have not cited any authority suggesting that raising a PAGA claim with a narrower yet overlapping aggrieved employee definition somehow violates the exhaustion requirements under § 2699.3. Defendants' argument might have teeth if the notice letter and the complaint set forth different, non-overlapping definitions, or if the complaint broadened the notice letter's definition. See <u>Stoddart</u>, 2015 WL 5522142, at *7–8 (explaining that a PAGA claim is limited specifically to the alleged violations, facts, and, theories of liability identified in a PAGA notice letter). But neither of those circumstances is present here.[1]

Defendants also make much of Clayborne's allegation in the complaint that his PAGA

---

[1] Defendants assert that "all employees" must be read to mean only current employees, in which case the complaint would feature the broader definition. But Defendants offer no compelling textual support or justification for construing this language in such a limited manner. To the contrary, the plain text of the notice letter suggests that "all employees" refers to every employee who had previously received a wage statement from Defendants. As current and former employees are equally capable of having received a wage statement in the past, the Court reads the notice letter language to fully capture the narrower definition in the complaint.

claim is based on only those wage statements that were issued to employees "upon separation of their employment." While this marker was not included in the notice letter, its inclusion in the complaint simply narrows the scope of the same alleged violation. Once again, this does not demonstrate noncompliance with the PAGA exhaustion requirements.

### b. Second PAGA notice letter

Defendants also challenge Clayborne's compliance with the PAGA procedures based on his "second notice letter" to the LWDA, which is dated March 23, 2017. This letter addressed rest period and minimum wage irregularities. See Doc. No. 45 at 6. Yet, in his complaint, Clayborne does not seek civil penalties for PAGA claims premised on violations of the rest period and minimum wage statutes, only wage statement violations.[2] Given that these other theories are not being pursued, there is no need to assess whether Clayborne complied with the PAGA exhaustion requirements and pleading procedures for purposes of the second notice letter.[3]

### B. Defendants' substantive challenge to Clayborne's PAGA claim

As to their substantive challenge, Defendants argue that Clayborne's PAGA claim is meritless because the disputed wage statements fully comply with the requirements of § 226(a). According to Defendants, any missing information regarding applicable rates of pay can be ascertained using "simple math." Clayborne asserts that Defendants' challenge is both inappropriate for a Rule 12(b)(6) motion and incorrect on the law. The Court agrees.

Under California law, employers must provide to every employee accurate wage statements that include nine specific items. Cal. Lab. Code § 226(a). For wage statement claims, employees can recover damages or certain statutory penalties by showing they suffered injury as a

---

[2] Despite some back-and-forth in their motion briefing, the parties seem to be on the same page on this point. Namely, Defendants describe Clayborne's PAGA claim as one based solely on wage statement violations, and Clayborne does not dispute this description of his claim. Even so, Defendants emphasize that Clayborne should not have an opportunity to pursue other PAGA claims that have not yet been raised, and Clayborne does not outright dismiss that possible ambition. At this stage, the Court need only address the concrete issues it has in front of it.

[3] In orders regarding stays of this action, the Court has previously described Clayborne's PAGA claim as one seeking civil penalties for violations of the Labor Code's rest period, minimum wage, and wage statement provisions. Doc. Nos. 35 & 38. This mistaken labeling notwithstanding, the specific allegations underlying Clayborne's claim were not at issue in those orders, as they are here.

1  result of their employers' knowing and intentional failures to comply with § 226(a).  Cal. Lab.
2  Code § 226(e)(1).  PAGA claims premised on wage statement violations are different, however,
3  and proof of injury and employer knowledge and intent is not required.  This is because "PAGA is
4  concerned with collecting civil penalties for the violation of section 226(a), not the damages or
5  statutory penalties provided for in section 226(e)."  Raines v. Coastal Pac. Food Distribs., Inc., 23
6  Cal. App. 5th 667, 679 (2018).  And civil penalties for violations of § 226(a) are set out under
7  California Labor Code § 226.3, which simply states that "[a]ny employer who violates subdivision
8  (a) of Section 226 shall be subject to a civil penalty" without reference to the requirements of
9  § 226(e).  See id. at 680; see also Lopez v. Friant & Assocs., LLC, 15 Cal. App. 5th 773, 788
10 (2017), review denied (Jan. 10, 2018) ("Consistent with the PAGA statutory framework and the
11 plain language and legislative history of section 226(e), we hold a plaintiff seeking civil penalties
12 under PAGA for a violation of section 226(a) does not have to satisfy the 'injury' and 'knowing
13 and intentional' requirements of section 226(e)(1).").  Thus, an aggrieved employee need only
14 prove—and first plead—that his or her employer violated § 226(a) to sustain a PAGA claim.  See
15 Culley v. Lincare Inc., 236 F. Supp. 3d 1184, 1194 (E.D. Cal. 2017) ("[A] PAGA plaintiff can
16 collect civil penalties set out in § 226.3, and, if the wage statement violations create 'injury as a
17 result of a knowing and intentional' violation, the statutory penalties set out in § 226(e)(1).").

18       Here, Clayborne has alleged that Defendants provided wage statements that did not include
19 the applicable rates of pay, which are required under § 226(a)(9).  He seeks all applicable civil
20 penalties based on this deficiency.  Put together, Clayborne has sufficiently pleaded a PAGA
21 claim premised on allegedly deficient wage statements under § 226(a).

22       Defendants' reliance on the "simple math" standard is unavailing in this context.  Courts
23 have referenced the standard when holding that plaintiffs have not suffered injury under § 226(e)
24 merely because they were required to do simple math.  See Magadia v. Wal-Mart Assocs., Inc.,
25 319 F. Supp. 3d 1180, 1190 & n.3 (N.D. Cal. 2018) (citing Hernandez v. BCI Coca-Cola Bottling
26 Co., 554 Fed. App'x 661, 662 (9th Cir. 2014), and Reinhardt v. Gemini Motor Transp., 879 F.
27 Supp. 2d 1138, 1142 (E.D. Cal. 2012)); see also Price v. Starbucks Corp., 192 Cal. App. 4th 1136,
28 1142–44 (2011).  But applying the standard to a PAGA claim does not make sense after *Raines*

9

and *Lopez* clarified that PAGA claims do not need an injury showing under § 226(e). In fact, in *Raines*, the California Court of Appeal applied the simple math standard to affirm summary adjudication against the plaintiff's wage statement claim before explaining that the same outcome was not correct for the plaintiff's PAGA claim. 23 Cal. App. 5th at 677–82; see also Magadia, 319 F. Supp. 3d at 1190 n.3 (doubting the applicability of the simple math standard for purposes of PAGA claims). Moreover, even if a simple math standard applied to PAGA claims, such an application would be impossible here given the parties have provided neither a representative example nor complete and detailed explanation of the wage statements in dispute. Without this evidence or information, the Court has no way of knowing whether simple math would indeed do the trick.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 44) is denied;
2. Defendants shall file an answer to the complaint within twenty-one days of service of this order;
3. Once Defendants have filed an answer, the parties shall promptly contact the magistrate judge for the purpose of setting a scheduling conference date.

IT IS SO ORDERED.

Dated:   January 5, 2021                                    ⁄s⁄ *signature*
                                                        SENIOR DISTRICT JUDGE