UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CLAYBORNE, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LITHIA MOTORS, INC., an Oregon corporation; LITHIA MOTORS SUPPORT SERVICES, INC., an Oregon corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 1:17-cv-00588-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>(Doc. No. 59) |

Currently pending before the Court is Plaintiff Tony Clayborne's ("Plaintiff") motion for leave to file a first amended complaint. (Doc. No. 59.) Defendants Lithia Motors Inc., and Lithia Motors Support Services, Inc. ("Defendants") filed an opposition on July 30, 2021. (Doc. No. 61.) On August 20, 2021, Plaintiff filed a reply. (Doc. No. 64.)

Having considered the parties' briefs and arguments, as well as the record in this case, Plaintiff's motion for leave to amend shall be GRANTED.

## BACKGROUND

On March 24, 2017, Plaintiff filed this employment dispute action against Defendants Lithia Motors, Inc., and Lithia Motors Support Services, Inc., in Fresno Superior Court. (Doc. No. 1.) Plaintiff brought both class and Private Attorneys General Act ("PAGA") claims and

1

individual claims for violation of the Fair Employment and Housing Act ("FEHA"). (*Id.*) Defendants removed the matter to federal court on April 27, 2017. (*Id.*) On December 5, 2017, the Court granted Defendants' motion to compel arbitration and stayed Plaintiff's remaining claim. (Doc. No. 11.) On December 13, 2019, the parties filed a stipulation to continue the stay on Plaintiff's PAGA claim pending a California Supreme Court decision. (Doc. No. 35.) On April 17, 2020, the Court lifted the stay following the decision by the California Supreme Court in *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73 (2020). (Doc. No. 38.) On August 7, 2020, Defendants filed a motion to dismiss, which was denied on January 5, 2021. (Doc. Nos. 44 and 50.) On March 23, 2021, the Court issued a scheduling order setting dates only for initial disclosures (April 1, 2021) and non-expert discovery only (February 4, 2022) at the request of the parties in anticipation of a motion for summary judgment. (Doc. No. 58.) The Court did not set a deadline for filing a motion to amend the complaint. (*See Id.*)

Prior to Plaintiff initiating this action, Plaintiff submitted a letter of exhaustion to the Labor and Workforce Development Agency ("LWDA"). (Doc. No. 59.) The letter said in relevant part:

> "The Company violated Labor Code Section 226(a) by issuing itemized wage statements that failed to include applicable hourly rates of pay in effect during the pay period. Specifically, whenever I and other employees were paid regular, overtime, and/or double time wages, our wage statements did not identify the applicable rates of pay."

(Doc. No 59 at 3-4.) The parties have settled Plaintiff's individual claim during arbitration. (*Id.* at 3.) Now, the parties disagree as to the scope of the remaining PAGA claim based on differences between the LWDA letter and the complaint.

Plaintiff requests leave to amend the complaint to remove the class claims and more accurately reflect the LWDA letter to clearly define the scope of the remaining PAGA claim. (Doc. No. 59.)

**DISCUSSION**

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith

2

> or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

**A. Undue Delay**

Defendant first argues that Plaintiff unreasonably delayed in seeking amendment of the complaint. Defendant contends that Plaintiff acknowledges that he knew of the facts in the proposed amendment prior to the filing of the original complaint. (Doc. No. 61 at 5.)

In evaluating undue delay, a court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 954 (9th Cir. 2006). "Whether

3

there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wagner v. Cty. of Plumas*, No. 2:18-CV-03105-KJM-DB, 2020 WL 820241, at *4 (E.D. Cal. Feb. 19, 2020) (citations omitted). Undue delay, by itself, is not enough to justify denying a motion to amend. *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).

Here, the facts underlying the proposed amendment were known by Plaintiff prior to filing the original complaint. The LWDA letter that is the basis for the amendment was filed on November 8, 2016, while the original complaint was filed on March 24, 2017. (Doc. No. 61 at 5.) However, the original complaint incorporates the LWDA letter in the allegations, even if it narrows the claim to the wage statements issued upon separation.

If Plaintiff were allowed to amend there would be minimal additional delay in this case. Discovery began about four months ago when the scheduling order was issued, and the parties still have another six months before non-expert discovery closes. (*See* Doc. No. 58.) Further, the Court did not set a trial date or any other discovery deadlines at the request of the parties. The sole issue is whether Plaintiff should have included the allegation in the original complaint. While Plaintiff was aware of the facts prior to filing the amended complaint, the letter was referenced in the complaint and the allegations contained in the letter were known by Defendants prior to the motion for leave to amend the complaint. The length of the delay, while long, includes the case being stayed twice. As to the undue delay analysis, the only factor that weighs in favor of finding undue delay is that Plaintiff was aware of the facts prior to filing the complaint. There is no other reason to find undue delay, therefore, this factor weighs in favor of granting leave to amend.

**B. Prejudice**

Defendants next argue that allowing Plaintiff to amend the complaint would be prejudicial. Specifically, Defendants contend that they have expended significant resources in briefing a motion for summary judgment against Plaintiff's current complaint and allowing an amendment would significantly increase their costs. (Doc. No. 61 at 5.)

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs,*

4

*Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Prejudice to the opposing party carries the greatest weight in the Rule 15 analysis. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings." *Commerce Point Capital, Inc. v. First Data Corp.*, No. 19-CV-556 W (LL), 2020 WL 2991498, at *3 (S.D. Cal. June 4, 2020) (citations omitted).

Here, Plaintiff's original complaint states Defendants violated the Labor Code by "failing to provide accurate itemized wage statements to Plaintiff and class members **upon separation of their employment.**" (Doc. No. 1 at 15) (*emphasis* added). Plaintiff's proposed amendment seeks to expand the scope of the claim to include all wage statements as alleged in the LWDA letter.

Defendants have not met their burden to demonstrate prejudice if leave to amend is granted. Although the proposed amendment will result in additional discovery, no relevant deadlines will have to be continued, discovery is in its early stages, and the amendment will not delay the proceedings given that there is only one discovery deadline set and there has been no trial date set. "[T]he mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." *See, e.g., Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 2547115, at *5 (E.D. Cal. June 20, 2019); *Synchronoss Techs., Inc. v. Dropbox Inc*., No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019). Defendant will have ample time to conduct discovery. This factor therefore weighs in favor of granting leave to amend.

**C. Futility**

Defendants next argue that Plaintiff's proposed amendment would be futile as the statute of limitations has already passed for Plaintiff to add to his PAGA claim. (Doc. No. 61 at 6.) Plaintiff responds by arguing that he is not "adding" to his PAGA claim but rather clarifying the claim. (Doc. No. 64 at 3.) Futility can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has articulated the test for

futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

"An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -or attempted to be set out- in the original pleading." Fed. R. Civ. P. Rule 15(c)(B). Relation back to the original complaint is not necessity for amendment. *Richards v. CoreCivic of Tenn., LLC,* 2018 WL 784257 at *11 (E.D. Cal. February 8, 2018) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)). Nonetheless, the Ninth Circuit has concluded that the relation back doctrine of Rule 15(c) does apply to PAGA claims. *Milligan v. Am. Airlines, Inc.,* 577 Fed. Appx. 718, 719 (9th Cir. 2014).

Defendants contend that the statute of limitations has expired on Plaintiff's PAGA claim, therefore, Plaintiff cannot add a new PAGA claim. Plaintiff argues that he is not adding a claim but rather clarifying the existing claim. Plaintiff's original PAGA claim incorporates the LWDA notice letter. The notice letter states that "whenever [Plaintiff] and other employees were paid regular, overtime, and/or double time wages, [the] wage statements did not identify the applicable rates of pay." (Doc. No 59 at 4.) In the original complaint, as Defendants argue, the language limits the claim to the final wage statement. (*See* Doc. No. 1 at 15.) However, just as Plaintiff argues, the complaint incorporates the LWDA notice letter and also alleges that at least one wage statement failed to include an itemization of pay rates. In Plaintiff's proposed amendment, Plaintiff wishes to include not just the final wage statement but all wage statements that fail to include itemized rates of pay. Plaintiff is alleging Defendants repeatedly acted in the same manner by failing to itemize pay rates on wage statements. The only difference in the original

6

complaint and the amendment is the number of occurrences. Based on the relation back to the original complaint, the Court finds that there is no time bar on the claim and Defendants' futility argument fails.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Leave to Amend the First Amended Complaint (Doc. No. 59) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiffs shall file their First Amended Complaint; and

3. Defendants shall file an answer or other responsive pleading to the First Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following filing of the First Amended Complaint

IT IS SO ORDERED.

Dated:   **August 27, 2021**               /s/ Barbara A. McAuliffe            _
                                            UNITED STATES MAGISTRATE JUDGE