# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONY CLAYBORNE, as an individual and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LITHIA MOTORS, INC., an Oregon corporation; LITHIA MOTORS SUPPORT SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive,**<br><br>Defendants. | **CASE NO. 1:17-cv-00588-AWI-BAM**<br><br>**ORDER ON PLAINTIFF'S MOTION FOR APPROVAL OF PAGA SETTLEMENT**<br><br>(Doc. No. 83) |

In this class action lawsuit, Plaintiff Tony Clayborne filed suit against Defendants Lithia Motors, Inc. and Lithia Motors Support Services, Inc., alleging they violated California's Private Attorneys General Act ("PAGA"), Labor Code, Business & Professions Code, and the Fair Employment and Housing Act. Doc. Nos. 1, 67. The parties reached a settlement, and now before the Court is Plaintiff's unopposed Motion for Approval of PAGA Settlement. Doc. No. 83. For the reasons discussed below, the Court will grant this motion.

## BACKGROUND

### A. Procedural History and Claims and Allegations in Operative Pleading

On March 24, 2017, Plaintiff filed a complaint alleging class, representative, and individual claims against Defendants in the Superior Court of California, County of Fresno. The complaint alleged six causes of action for: (1) violation of Labor Code § 226.7; (2) violation of

1 Labor Code §§ 1194, 1197, and 1197.1; (3) violation of Labor Code § 226; (4) violation of
2 Business & Professions Code § 17200, et seq.; (5) violation of Labor Code § 2698, et seq.; and (6)
3 violation of Fair Employment and Housing Act, Government Code § 12900, et seq. See Doc. No.
4 1, Ex. A. More specifically, Plaintiff alleged that Defendants failed to provide paid rest breaks to
5 employees paid on a partial commission basis and proper payroll records to all employees.
6 Plaintiff also alleged hostile work environment and sexual harassment claims. Id.

7 On April 27, 2017, the matter was removed to this Court, and on May 4, 2017, Defendants
8 filed a Petition to Compel Arbitration. Doc. Nos. 1, 4. The Court granted in part Defendants'
9 motion, stayed the action, and ordered the submission of Plaintiff's individual claims to
10 arbitration. Doc. No. 11. After initiation of arbitration, Plaintiff's individual claims were resolved
11 in their entirety. Doc. No. 37.

12 On August 31, 2021, Plaintiff filed the operative First Amended Complaint ("FAC")
13 alleging a single cause of action for violation of PAGA, Labor Code § 2698, et seq. The PAGA
14 cause of action is predicated on an underlying violation of Labor Code § 226, alleging that the
15 wage statements provided to hourly-paid employees do not identify all applicable hourly rates of
16 pay. Doc. No. 67. Following exchange of further information and negotiations, the Parties
17 reached a settlement on this remaining claim and thereafter filed the current Motion for Approval
18 of PAGA Settlement. Doc. No. 83 at 7.

19 **B. Proposed Settlement**

20 The proposed settlement agreement indicates that Defendants will pay a total settlement
21 sum of $19,580 to a settlement class of approximately 95 persons who are current and former non-
22 exempt sales employees of Plaintiff's employer, Lithia N.F., Inc., in California and who were not
23 paid any draw or guarantee against commissions and received wage statements at any time from
24 November 8, 2015 to March 24, 2019. From the total settlement sum, Plaintiff will receive a class
25 representative award of up to $2,500 and his counsel will receive up to $6,526 for attorney fees.
26 The settlement will also provide the third-party claims administrator with up to $2,500 for fees
27 and expenses. With these amounts deducted, the remaining $8,054 will be allocated to the
28 settlement members and State of California. 75% of this amount, i.e., $6,040.50, will be paid to

the Labor and Workforce Development Agency ("LWDA"), and the remaining 25%, i.e., $2,013.50, will be distributed to the settlement members.

In return for the settlement amount, the settlement members will release Defendants from any claims covering the above PAGA period that were or could have been asserted based on the facts alleged in the FAC. However, the settlement will not release Defendants from violations of any predicate statute other than PAGA nor release claims by the settlement members against Defendants for any individual wage or hour claim.

## **LEGAL STANDARD**

Under the PAGA, an "aggrieved employee" may bring an action for civil penalties for labor code violations on behalf of herself and other current or former employees as the proxy or agent of the state's labor law enforcement agencies. Cal. Lab. Code § 2699(a); Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009); Swain v. Anders Grp., LLC, 2022 U.S. Dist. LEXIS 183346, *13 (E.D. Cal. Oct. 5, 2022). A representative action under PAGA is not a class action, but rather a "representative action on behalf of the state." Kim v. Reins Int'l Cal., Inc., 9 Cal. 5th 73, 87 (2020); Almanzar v. Home Depot U.S.A., Inc., 2022 U.S. Dist. LEXIS 127724, *10 (E.D. Cal. July 18, 2022). Thus, a plaintiff suing under PAGA is limited to recovery of civil penalties only, rather than damages or unpaid wages available privately through direct or class action claims. Iskanian v. CLS Transportation L.A., LLC, 59 Cal. 4th 348, 381 (2014); Swain, 2022 U.S. Dist. LEXIS 183346, at *13. The plaintiff must also first provide written notice to the LWDA. Cal. Lab. Code § 2699.3(a)(1). Because a PAGA claim is not a collection of individual claims for relief like a class action, PAGA claims "need not satisfy Rule 23 class certification requirements." Hamilton v. Wal-Mart Stores, Inc., 39 F.4th 575, 583 (9th Cir. 2022). However, like class action settlements, PAGA settlements must be approved by the court. See Cal. Lab. Code § 2699(l)(2); Almanzar, 2022 U.S. Dist. LEXIS 127724, at *10.

Although there is no binding authority setting forth the proper standard of review for PAGA settlements, California district courts have applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." Mondrian v. Trius Trucking, Inc., 2022 U.S. Dist. LEXIS

3

1  184152, *18-19 (E.D. Cal. Oct. 6, 2022) (citing Haralson v. U.S. Aviation Servs. Corp., 383 F.
2  Supp. 3d 959, 972 (N.D. Cal. 2019)); Swain, 2022 U.S. Dist. LEXIS 183346, at *14; see also
3  Moniz v. Adecco USA, Inc., 72 Cal. App. 5th 56, 76-78 (2021) (agreeing with federal district
4  courts that have found it appropriate to review a PAGA settlement to ascertain whether it is fair,
5  reasonable, and adequate in view of PAGA's purposes and policies).  Accordingly, courts have
6  approved PAGA settlements upon a showing that the settlement terms meet the statutory notice
7  requirements and are fundamentally fair, reasonable, and adequate in view of the PAGA's policy
8  objectives.  Swain, 2022 U.S. Dist. LEXIS 183346, at *15; Gilmore v. McMillan-Hendryx Inc.,
9  2022 U.S. Dist. LEXIS 11032, *3-4 (E.D. Cal. Jan. 20, 2022).

## DISCUSSION

Upon review, the Court finds that the settlement terms are fair, reasonable, and adequate in view of the PAGA's policy goals.  The record indicates that Plaintiff and counsel have litigated this matter by filing the original complaint, attending a case management conference for arbitration, sitting for Plaintiff's deposition, deposing Lithia Motors Support Services, Inc.'s person most knowledgeable, preparing discovery, settling the arbitrable claims, filing the FAC, preparing a LWDA letter, and negotiating at arm's length the current PAGA settlement.  Doc. Nos. 1, 31, 33, 83; see Adoma v. Univ. of Phx., Inc., 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.").  This suggests that the parties arrived at a compromise based on an understanding of the legal and factual issues surrounding the case.  Kutzman v. Derrel's Mini Storage, Inc., 2020 U.S. Dist. LEXIS 13314, *32 (E.D. Cal. Jan. 24, 2020).  The PAGA settlement also recognizes the risks of further litigation in that Defendants will continue to contest any alleged violations of applicable law and liability for any claims asserted in the FAC, and that even if Plaintiff prevailed on the merits, the PAGA penalty could still be reduced under the Court's discretion and Defendants would likely appeal the loss.  Doc. No. 83 at 13; see Munoz v. Giumarra Vineyards Corp., 2017 U.S. Dist. LEXIS 95910, *26 (E.D. Cal. June 21, 2017).

Furthermore, the total settlement sum of $19,580 is reasonable, given the abovementioned risks involved and given that the record shows that the expected maximum potential penalty is

4

$71,200.  Officers for Justice v. Civil Service Com'n of City and Cty. of S.F., 688 F.2d 615, 628 (9th Cir. 1982) ("[A] cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair.").  Many courts have awarded PAGA penalties far less than the statutory maximum amount.  See Aguirre v. Genesis Logistics, 2013 U.S. Dist. LEXIS 189820, *6-7 (C.D. Cal. Dec. 30, 2013); Fleming v. Covidien, Inc., 2011 U.S. Dist. LEXIS 154590, *8-9 (C.D. Cal. Aug. 12, 2011).  Moreover, the amounts set aside from the total settlement sum for attorney fees and the PAGA representative award are reasonable, given the extent of the litigation Plaintiff and counsel pursued, the risks they faced in this matter, and that counsel waived its costs.  See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009); Vasquez v. Coast Valley Roofing, Inc., 266 F.R.D. 482, 492 (E.D. Cal. 2010); see also Trujillo v. Airport Terminal Servs., Inc., 2021 U.S. Dist. LEXIS 203569, *2 (C.D. Cal. Oct. 21, 2021).  The amount sought for the third-party administrator also does not strike the Court as excessive, given the total work and number of members involved in the settlement.  The Court also notes that the settlement agreement does not contain a provision for the reversion of uncashed, expired funds to Defendants but instead requires the third-party administrator to direct said funds to the *cy pres* recipient Legal Aid at Work.  Doc. No. 83 at 23.  The settlement agreement also states that in an effort to treat each settlement member equitably relative to each other, each member will receive a pro rata share of the individual settlement amount based on the total number of pay periods each member received during the PAGA period in this case.

      Plaintiff also avers that the settlement agreement was submitted to the LWDA concurrent with the filing of this motion.  Doc. No. 84 at 8.  Defendants also do not object to any issue of notice.  Therefore, the Court finds that the notice requirement of § 2699(l)(2) has been met.  Trujillo, 2021 U.S. Dist. LEXIS 203569, at *4-5; Abelar v. Am. Residential Servs., L.L.C., 2019 U.S. Dist. LEXIS 198772, *10 (C.D. Cal. Nov. 14, 2019).

      In conclusion, the Court finds that the settlement terms meet the statutory notice requirements and are fundamentally fair, reasonable, and adequate in view of the PAGA's policy objectives.  Swain, 2022 U.S. Dist. LEXIS 183346, at *15; Gilmore, 2022 U.S. Dist. LEXIS 11032, at *3-4.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for approval of PAGA settlement (Doc. No. 83) is GRANTED and the case is CLOSED.

IT IS SO ORDERED.

Dated:   October 24, 2022                          _____
                                                                    SENIOR DISTRICT JUDGE